UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHEN DIVISION

JOHNNIE M. JOHNSON                                                                                    PLAINTIFF

V.                                                                                  CIVIL ACTION NO. 3:15cv439-DPJ-FKB

PRIMELENDING, A PLAINS CAPITAL COMPANY,
OGLE ROOFING AND REMODELING,
JOHNNY BAXTER OGLE, JR., INDIVIDUALLY,
MARTIN FINKLE D/B/A OGLE ROOFING AND
REMODELING, AND MARTIN FINKLE,
INDIVIDUALLY, AND JOHN DOES 1–10                                                    DEFENDANTS

ORDER

This dispute is before the Court on Plaintiff Johnnie M. Johnson's Motion to Remand [8] and Supplemental Motion to Remand [28]. Having fulling considered the premises, the Court finds that Plaintiff's Motion and Supplemental Motion should be denied.

I.   Background

In very general terms, Johnson contends that in December 2013, Defendants failed to properly repair damage to his newly purchased home. He therefore filed suit on May 12, 2015, in the County Court of Hinds County, Mississippi.

On June 16, 2015, Defendants removed the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 asserting diversity jurisdiction. *See* Notice of Removal [1]. Plaintiff then moved to remand, conceding the jurisdictional amount but claiming that Defendants Johnny Baxter Ogle, Jr., and Ogle Roofing and Remodeling are non-diverse Mississippi citizens. *See* Motion to Remand [8]. Johnson alternatively sought remand-related discovery on this issue, which the Court granted. Once completed, Plaintiff filed his Supplemental Motion [28], Defendants responded in opposition [30], and Plaintiff offered no reply.

II.     Standard

"A federal court may assert jurisdiction under 28 U.S.C. § 1332 only when there is complete diversity, i.e., when no plaintiff and defendant are citizens of the same state." *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 1999 WL 346977, at *2 (5th Cir. May 20, 1999). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) (citation omitted); *see also McGee v. Willbros Const., US, LLC*, 825 F. Supp. 2d 771, 775 (S.D. Miss. 2011) ("A removing defendant must prove by a preponderance of the evidence that diversity of citizenship lies." (citation omitted)). And significantly, "[i]n cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

III.    Analysis

Though some ambiguity initially existed regarding Defendants' citizenship, the post-discovery record is sufficient to decide the issue. When the dispute occurred in 2013, certain records indicated that Ogle and Ogle Roofing and Remodeling used an address in Clinton, Mississippi. But the uncontroverted evidence now shows that this address was an RV park Ogle used while working in Mississippi during that time. Ogle has otherwise established that on the relevant dates, both he and his company were Georgia citizens. Ogle has lived in Georgia for 15 years, and Ogle Roofing and Remodeling has maintained a Georgia address for five years and was served with process in Georgia. Defendants have met their burden of demonstrating complete diversity of citizenship.

The only other argument Plaintiff asserts is a plea for "equitable remand." *See* Pl.'s Mem. [9] at 6.  Plaintiffs rely on *Eastus v. Blue Bell Creameries, L.P.*, where the Fifth Circuit observed that

> [t]he new version [of § 1441(c)] allows remand of 'all matters in which State law predominates.'  Courts that have considered the meaning of the new § 1441(c) have decided overwhelmingly that the provision now permits them to remand the entire action, federal claims and all, if the state law claims predominate.

97 F.3d 100, 106 (5th Cir. 1996) (citation omitted).

Even assuming remand would have ever been proper under *Eastus*, Congress again amended § 1441(c) in 2011, and the language upon which *Eastus* relied was stricken.  In any event, this is a garden-variety diversity claim for which jurisdiction is proper.  *See also McGee*, 825 F. Supp. 2d at 775 ("[I]f the court finds that it properly possesses subject matter jurisdiction over state law claims based on diversity, exercise of that jurisdiction is not discretionary, and the Court may not remand the action." (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250–51 (5th Cir. 2011)).

IV.    Conclusion

For the reasons stated, the Court finds that it has subject-matter jurisdiction in this case.  Plaintiff's Motion to Remand [8] and Supplemental Motion to Remand [28] are both denied in their entirety.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE